**ASAHI GLASS CO., LTD, Plaintiff,**

v.

**TOLEDO ENGINEERING CO., INC., Defendant**

No. 3:03CV7120.

United States District Court, N.D. Ohio, Western Division.

April 7, 2003.

Dennis A. Lyle, Fuller & Henry, Toledo, OH, Jeffrey A. Rosenthal, Joshua Rawson, Robert T. Greig, Cleary, Gottlieb, Steen & Hamilton, New York, NY, for Asahi Glass Co. Ltd., Plaintiff.

Marshall A. Bennett, Jr., Marshall & Melhorn, Toledo, OH, Richard M. Kerger, Kerger & Kerger, Toledo, OH, for Toledo Engineering Co., Inc., Defendant.

### ORDER

CARR, District Judge.

This is a diversity case in which plaintiff Asahi Glass Co. ("Asahi") claims that defendant Toledo Engineering Co. ("TECO") misappropriated Asahi's trade secrets. Pending is Asahi's motion for expedited discovery, which has been granted orally.

Though requested to do so, the parties have been unable to agree to an order implementing that directive. This order formally orders the expedited discovery Asahi requests, sets certain conditions on such discovery, as requested by TECO, and, anticipating an appeal by TECO of an order, to be entered shortly following entry of this order, notifies TECO that this order shall not be stayed in the event of such appeal.

Asahi is a Japanese glass manufacturer. TECO, an Ohio corporation based in Toledo, Ohio, makes glass-melting furnaces and glass production equipment. Asahi claims TECO has misappropriated its proprietary float glass technology ("Asahi know-how"), which is used to design and operate a microfloat bath for producing thin film transistor ("TFT") glass. Asahi claims TECO obtained the technology from Schott Glas ("Schott"), a German glass manufacturer.

In 1992, Asahi granted a limited license to Schott, allowing Schott to use Asahi know-how to construct a microfloat bath in Germany. Under the license agreement, Schott was not allowed to use the Asahi know-how to produce TFT glass.

Schott is building a German facility for producing TFT glass, scheduled for completion in summer, 2003. Schott has contracted with Tecoglas, Ltd., a United Kingdom corporation, to help build the facility. Tecoglas has contracted with TECO to provide materials to Schott for the facility. This relationship between Schott and TECO has led to Asahi's complaint against TECO.

On May 9, 2002, Asahi began an arbitration proceeding against Schott pursuant to an arbitration provision of its license agreement with Schott (the "Schott arbitration"). The arbitration is taking place in Switzerland under the arbitration rules of the International Chamber of Com-

merce ("ICC"). Asahi's complaint in that proceeding alleges violations by Asahi of the 1992 license and misappropriation of trade secrets. TECO is not a party to that arbitration.

On May 21, 2002, Asahi notified TECO that Asahi had begun arbitration against Schott, and asked TECO not to obtain or use the Asahi know-how. On June 6, 2002, TECO responded that it was not obtaining or using the Asahi know-how. Asahi continued to believe that TECO had obtained the Asahi know-how and was using it to design, build, and install float bath equipment for producing TFT glass.[1]

On March 12, 2003, Asahi filed its complaint in this case, arguing that it is suffering irreparable injury because of TECO's alleged unauthorized use and disclosure of Asahi know-how. Asahi concurrently filed its motion for expedited discovery, claiming that it needed such discovery to determine whether to seek preliminary injunctive relief.

Various conferences relating to Asahi's motion for expedited discovery culminated in a hearing on March 25, 2003, at the conclusion of which I granted Asahi's expedited discovery motion.

Asahi believes and fears that Schott has disclosed to TECO information that Asahi has provided to Schott about the TFT process. In addition, Asahi is concerned that TECO, in turn, has used and will use such information for its own benefit, and that it has disclosed and will disclose such information to others with whom it does business.

Asahi has proposed a lengthy, detailed, and comprehensive order which, if entered, would regulate discovery and access to materials that are disclosed thereby. In addition, Asahi's proposed order would regulate TECO's relations with companies with which it does business, including not only subsidiaries and other entities that TECO controls, but subcontractors as well. That proposed order would, in some respects, be tantamount to a preliminary injunction that could impair, without a showing that such has been necessary, TECO's conduct of its business in general, and fulfillment of its contract with Schott in particular.

Asahi's proposals go beyond what I was contemplating at the conclusion of the March 25th hearing. To try to distill them to the point of acceptability to TECO, and refine out the defects TECO perceives in that proposal would take more time than this court has, given its other immediate obligations. In addition, the process of trying to do so would cause further delay in the production that Asahi demands, and TECO appears ready to provide.[2]

TECO denies that it has received Asahi know-how from Schott; it is willing, however, to the extent it may be found to have obtained such know-how, or determine that it has done so, to refrain from using or disclosing any such Schott-derived Asahi know-how. TECO also has called on Asahi to describe such information to TECO, so that it can respond to Asahi's contentions about its acquisition, use, and disclosure of such information.

1. The arbitrators will determine the extent to which Schott has provided Asahi know-how to TECO, and done so improperly. I assume that the arbitrators will define the nature of that know-how, if they find such has, in fact, been disclosed to TECO.

This court should refrain from attempting to define such know-how, because any definition I could reach would, in all likelihood, not be entirely congruent with the definition reached by the arbitrators. In any event, such effort on my part would be both time-consuming and duplicative of the efforts being expended before and by the arbitrators.

2. TECO has informed the court that it has collected and reviewed approximately 3000 pages of documents, including its entire project files of the Schott project.

TECO also contends that desires other than protection of Asahi know-how motivate this litigation. It points out that the Schott arbitration is being conducted under rules that bar almost entirely discovery of the sort that Asahi seeks in this. Asahi brings this suit, TECO asserts, merely as a device to get information about Schott's communications and dealings with TECO that Asahi cannot obtain in the Schott arbitration.

In addition, TECO claims that Asahi, to the extent it may seek injunctive relief in this proceeding, would be by-passing the refusal of the arbitrators to grant it such relief in the Schott arbitration.

Finally, TECO notes that general know-how about making glass is largely in the public realm. It asserts, and its assertion is supported by its apparent willingness to disclose its project files on the Schott Glas project to Asahi, that there is little, if anything, that can properly be viewed as proprietary in the communications it has had with Schott.

Asahi, in response to these contentions, notes that TECO has been shipping components of the glass factory from this country and elsewhere, and that some shipments appear to have been made, if not expedited, since the filing of this suit. Asahi claims that TECO has opposed its motion for expedited discovery and delayed producing information that it has gathered in response to this court's earlier directives to further its commercial desires to fulfill its contract with Schott. Asahi emphasizes that the know-how that it is trying to protect in this suit is the product of millions of dollars of research, and is unique and uniquely valuable to Asahi.

TECO has proposed a protective order that is substantially more in line with what I contemplated at the close of the March 25th hearing. Perhaps most importantly, entry of that order, as supplemented herein, will result in prompt disclosure by TECO of its project files. That appears to be the core material that Asahi needs to determine, or to begin to determine, what TECO has learned from Schott. This is an essential first step in this suit.

For now, I decline to do more to respond to Asahi's concerns that TECO may use Asahi know-how to generate further business for TECO than to accept TECO's commitment, as made in open court, and confirmed, it asserts, in writing to Asahi, that it will neither use nor disclose such information. That obligation will be confirmed in this order, which, with some stylistic changes, adopts language proposed by TECO to limit its use and disclosure of Asahi know-how.

Finally, Asahi is concerned that TECO may have disclosed its know-how to parties with whom TECO has sub-contracting agreements relating to TECO's contract with Schott. For now, I do not believe that I can enter any order responding to these concerns that is suitably limited in scope and impact. If further developments show that Asahi is at risk from disclosures that TECO may have made of Asahi know-how to subcontractors or others with whom it does business, Asahi can seek appropriate relief here or elsewhere.

As noted, TECO contends that this suit involves an effort by Asahi to by-pass the limits on discovery applicable in the Schott arbitration. Asahi's proposed order would permit it to use what it learns in this case in that proceeding. That, in my view, would undercut the arbitrator's authority and ability to manage the proceeding before them. It might, as well, give Asahi an unfair advantage in that proceeding. Even if it did not, I agree with TECO that the documents and materials it is to produce in this case are not to be used in the Schott arbitration.

Delivery to Asahi's counsel of the documents shall occur within twenty-four hours of the time of entry of this order. Produc-

tion can be in whatever form or format that TECO finds suitable. Asahi shall compensate TECO at the rate of $.10 per page within one week of production,

Concurrently with this order, I am also entering an order denying TECO's motion to stay these proceedings pending the completion of the Schott arbitration. TECO having informed the court that it anticipates filing an appeal (though I do not believe it can properly do so) from such denial, the parties are hereby advised that this order shall not be stayed pending such appeal. To stay this order would place at risk the interests that Asahi is seeking to protect in this litigation, which, I am presently persuaded, Asahi is not bringing as an aid to its prosecution of the Schott arbitration or for other improper purposes.

If, as a result of receipt of the project files and other documents being produced by TECO, Asahi learns, as TECO contends it will, that none of its know-how has been received, used, or disclosed by TECO, that will end this suit. If, however, Asahi discovers that the contrary is true, such discovery should not await the outcome of an appeal which I view as being, to a substantial extent at least, futile.

In light of the foregoing, it is

ORDERED THAT:

1. Asahi's motion for expedited discovery be, and the same hereby is granted;
2. The protective order proposed by TECO be, and the same shall be entered forthwith;
3. The documents covered by Asahi's protective order, including the TECO's Schott Glas project files, shall be delivered to Asahi's counsel within twenty-four hour of the time of entry of this order;
4. Asahi to compensate TECO for the costs of production within one week of the date of this order at the rate of $.10 per page;

5. Said documents not to be used in, or in furtherance of the pending arbitration between Asahi and Schott Glas;
6. TECO and its subsidiaries shall neither use for their own benefit, nor disclose to any other person or entity, any information disclosed to TECO by Schott Glas relating to the design of the Schott TFT glass manufacturing line currently being installed at Jenaer, Germany; and
7. The limitation imposed by the preceding paragraph shall neither: a) preclude TECO form using or disclosing to any other person or entity any information relating to float glass manufacturing methodology or technology that was known to TECO prior to the time it was disclosed by Schott, or that is now or was at the time of the disclosure generally known by or available to members of the industry, nor b) restrict or prohibit TECO from fulfilling its contractual obligations to Schott Glas relating to the Schott TFT glass manufacturing line currently being installed at Jenaer, Germany.

So ordered.